# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| John Wayne Thomas ) | Case No. 09-81043 C-13D |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |

## OBJECTION TO CONFIRMATION

Wachovia Bank, National Association (hereinafter "Wachovia"), a creditor in the above-captioned proceeding, hereby objects, pursuant to Sections 1322 and 1325 of the Bankruptcy Code and Rule 3015 of the Federal Rules of Bankruptcy Procedure, to confirmation of the Debtor's Plan. In support of this Objection, Wachovia respectfully shows unto this Court as follows:

1. The above referenced Debtor (hereinafter "Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on June 24, 2009 (the "Petition Date").

2. Wachovia possesses a secured claim against the Debtor.

3. On or about November 12, 2003, Wachovia loaned to John Wayne Thomas the principal sum of $54,839.00, and, as evidence of the obligation to repay such amount to Wachovia, John Wayne Thomas executed and delivered to Wachovia a Note (hereinafter "Agreement"), dated November 12, 2003, in the original, principal amount of $54,839.00. The Agreement provides for monthly payments in the amount of $458.39. A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.

4. As security for the indebtedness owed to Wachovia, John Wayne Thomas granted to Wachovia a security interest in real property located at 85 Moore Street, Siler City, North Carolina, (hereinafter "Real Property"), as more particularly described in a Deed of Trust dated November 12,

2003. Wachovia perfected its security interest by causing the Deed of Trust to be recorded in Book 1070, Page 1041 in the office of the Chatham County Register of Deeds. A true and correct copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein by reference.

5. As of September 17, 2009, John Wayne Thomas was indebted to Wachovia in the amount of $48,020.82 as provided by the Agreement, plus interest, late charges and other applicable fees.

6. The Debtor's Chapter 13 Plan is internally inconsistent and provides two different, and conflicting, treatments for Wachovia's claim secured by the Real Property.

7. First, with regard to the claim secured by the Real Property, the Debtor's Chapter 13 Plan provides in Section III. Secured Claims, Paragraph 1. Continuing Long Term Debts Pursuant to 11 U.S.C. § 1322(b)(5) secured by Real or Personal Property, for the Standing Trustee to make on-going payments to Wachovia in the amount of $458.39 per month, in addition to curing a stated arrearage claim in the amount of $1,375.17 with payments in the amount of $23.00 per month. This is the appropriate treatment for Wachovia's claim and Wachovia has no objection to this treatment.

8. Second, the Debtor's Chapter 13 Plan provides in Section VII. Special Provisions, that the Debtor contests the validity of Wachovia's deed of trust. While the Plan provides for the treatment of Wachovia's claim secured by the Real Property as a long-term, non-dischargeable debt, the Plan provides for the Debtor to be allowed to file a motion or an adversary proceeding to challenge the validity of Wachovia's deed of trust secured by the Real Property. Furthermore, the Plan provides that no on-going payments will be disbursed to Wachovia for a period of 180 days to permit the Debtor sufficient time to file the necessary proceeding.

9. The Debtor's Plan provides for monthly Plan payments in the amount of $900.00. As noted above, the monthly payment required by the Agreement is $458.39. A separate claim held by Wachovia (which is not dealt with in the instant Objection but, upon information and belief, will be the

subject of a separate objection) is scheduled with a monthly payment in the amount of $715.66. The Plan also provides for payment of attorneys' fees in the amount of $2,800.00, a dividend to unsecured creditors in the amount of $9,576.00 and payment of real property taxes in an unspecified amount. Assuming that the attorneys' fees and unsecured dividend were spread over 60 months, the Debtor's Plan payment would have to be at least $1,439.32, before payment of the property taxes and Standing Trustee's commission. The Debtor's proposed Plan payment is patently inadequate.

8. The Debtor's proposed Plan payment appears to be based on the assumption that the Debtor will not have to make payments to Wachovia with regard to either deed of trust listed in Section III of the Plan. Wachovia has filed a proof of claim with regard to its claim secured by the Real Property. That claim is allowed as filed unless an objection is filed. 11 U.S.C. §502(a). The Debtor has not objected to Wachovia's claim. Therefore, the Debtor cannot propose a Plan payment that presupposes the avoidance of Wachovia's lien. The proposed treatment fails to comply with 11 U.S.C. §1325(a)(5).

9. In the event the Debtor avoids Wachovia's lien represented by the deed of trust secured by the Real Property, which Wachovia submits the Debtor may be unable to do, the avoidance of the lien is preserved for the benefit of the estate. 11 U.S.C. §551. Consequently, if the Debtor were successful in avoiding Wachovia's lien, the Debtor should be required to add the amount of Wachovia's claim to the dividend payable to unsecured creditors. The Debtor should not benefit from the avoidance of the lien; the estate and unsecured creditors should benefit. Therefore, the Debtor's Plan payment should be in an amount that is sufficient either to pay Wachovia's secured claim, or to pay the same amount to unsecured creditors. In either case, the amount of the Plan payment is the same. The Debtor's proposed Plan payment is clearly insufficient. The Plan, as proposed, is not feasible.

10. If this were a Chapter 7 case and the Debtor raised the same issue with regard to Wachovia's lien, the avoidance of the lien would clearly be preserved for the benefit of the estate.

Consequently, if the Debtor were correct and Wachovia's lien were avoided in a Chapter 7 case, the unsecured creditors would reap the benefit of the avoidance. 11 U.S.C. §551. Therefore, the Debtor's failure to propose that the amount of the avoidance should be paid to unsecured creditors in the instant case fails to comply with 11 U.S.C. § 1325(a)(4).

11. The Debtor should not be permitted to avoid paying the amount that is due to Wachovia pending a resolution of the lien avoidance action. At a minimum, the Debtor should be required to make a Plan payment that includes the monthly payment to Wachovia under the Agreement to be held by the Trustee in trust pending a resolution of the lien avoidance action. This would assure either that Wachovia receives the payments that it is due if Wachovia prevails or that the unsecured creditors receive the benefit of the lien avoidance.

12. It appears from an attachment to the Debtor's Schedules that the Debtor bases his theory for avoiding Wachovia's lien secured by the Real Property on the fact that the Debtor alleges that he was married at the time the Deed of Trust was signed and that the Debtor's wife did not sign the Deed of Trust. Upon information and belief, the Debtor was the sole legal owner of record of the Real Property at the time the Deed of Trust was signed. Furthermore, upon information and belief, the Debtor failed to disclose to Wachovia that he was married at the time he executed the Deed of Trust. The Debtor's reliance on this issue for avoiding Wachovia's security interest, coupled with his failure to propose a payment that pays either Wachovia or the unsecured creditors the amount of Wachovia's monthly payments, provides compelling evidence of the Debtor's lack of good faith in proposing treatment for Wachovia's claim secured by the Real Property.

13. The Court should deny confirmation of the Debtor's proposed Chapter 13 Plan pursuant to 11 U.S.C. §§ 1325(a)(1), (a)(3), (a)(4) and (a)(5).

WHEREFORE, Wachovia respectfully prays unto this Court as follows:

1. That the Court deny confirmation of the Debtor's Plan; and

2. For such other and further relief as to the Court may seem proper.

Respectfully submitted, today, October 15, 2009.

/S/ James E. Vaughan
James E. Vaughan
North Carolina Bar No. 12669
*Attorney for Wachovia Bank, National Association*

OF COUNSEL:

**JAMES E. VAUGHAN, ATTORNEY AT LAW, P.C.**
206 North Spruce Street, Suite 2A
Winston-Salem, North Carolina 27101
Telephone: (336) 725-7772
Facsimile: (336) 725-7737

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| John Wayne Thomas | ) Case No. 09-81043 C-13D |
| | ) Chapter 13 |
| | ) |
| Debtor. | ) |
| | ) |

## DISCLOSURE OF CORPORATE PARENT

Wachovia Bank, National Association is a wholly owned subsidiary of Wachovia Corporation, a publicly traded company (WB on the New York Stock Exchange).

Dated: October 15, 2009.

/S/ James E. Vaughan
James E. Vaughan
North Carolina Bar No. 12669
*Attorney for Wachovia Bank, National Association*

OF COUNSEL:

**JAMES E. VAUGHAN, ATTORNEY AT LAW, P.C.**
206 North Spruce Street, Suite 2A
Winston-Salem, North Carolina  27101
Telephone: (336) 725-7772
Facsimile: (336) 725-7737

# CERTIFICATE OF SERVICE

    I hereby certify that copies of the foregoing **OBJECTION TO CONFIRMATION and DISCLOSURE OF CORPORATE PARENT** were served upon the following parties by mailing such copy by first class, postage prepaid mail, addressed as follows:

ADDRESSEES:

John Wayne Thomas
51 Moore Street
Siler City, NC 27344

**Notice electronically sent to:**

John T. Orcutt, Esq.
postlegal@johnorcutt.com

Richard M. Hutson, II, Esq.
office@c13dur.com

    Dated: October 15, 2009.

            /S/ James E. Vaughan
            James E. Vaughan
            North Carolina Bar No. 12669
            *Attorney for Wachovia Bank, National Association*

OF COUNSEL:

**JAMES E. VAUGHAN, ATTORNEY AT LAW, P.C.**
206 North Spruce Street, Suite 2A
Winston-Salem, North Carolina 27101
Telephone: (336) 725-7772
Facsimile: (336) 725-7737