UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**John W. Thomas**,

Bankruptcy Case No.: 09-81043

Soc. Sec. No. xxx-xx-1580
Mailing Address: 51 Moore Street, Siler City, NC 27344-

Debtor.

**John W. Thomas**,

Plaintiff,    A.P. No.:_____

**Wachovia Bank, N.A.,**

Defendant.

## COMPLAINT TO VALUE COLLATERAL

The Plaintiff, above-named, respectfully alleges as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. §§ 506, 1322(b)(2),1325(a)(5) and 1327 (c), and in accordance with Bankruptcy Rule 7001, to value their residence for the purpose of determining the secured status of the mortgage claim held by Wachovia Bank, N.A..

3. The Plaintiff is filed this bankruptcy case on June 24, 2009, seeking protection under Chapter 13 of Title 11 of the United States Code.

4. The Defendant Wachovia Bank, N.A. is a corporation and/or a partnership with an office and principal place of business located at Post Office Box 13765, Roanoke, VA 24037-3765. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 506, 1322(b)(2), 1325(a)(5) and 1327 (c).

5. The Plaintiff owns real property located at 51 Moore Street, Siler City NC 27344.

6. The Debtor took this Property in a non-warranty Deed dated April 18th, 1994 and recorded in Book 640, Page 1020 of the Chatham County Registry of Deeds.

7. The legal description of the property is as follows:

BEGINNING at a stake on the East side of Lee Street, a common corner of Lots 12 and 13, and running thence an Easterly direction with lines of Lots Numbers 12 through 1, a distrance of 314 feet to an iron stake on West side of Moore Street, a common corner of Lots Numbers 1 and 50; thence with the western lines of Lots Numbers 50 through 45 and Moore Street, a northerly direction 150 feet to an iron stake, a common corner of Lots Numbers 45 and 44; thence with line of Lot Number 44 a westerly direction 150 feet to an iron stake, a common corner of Lots Nubmers 45 and 44, 18 and 19; thence with the eastern boundary of Lots 44 and 43, 50 feet to an iron stake, corner of Lot Number 21; thence with the boundary of Lot Number 21, a westerly direction 164 feet to an iron stake on the East side of Lee Street, a corner of Lots Numbers 21 and 20; thence with Lee Street, and the Eastern boundaries of Lots Numbers 20 through 13 a distance of 200 feet to the point of BEGINNNING, and being all of Lots Numbers, 13, 14, 15, 16, 17, 18, 19, 20, 45, 46, 47, 48, 49, and 50 of the Hill Crest Development as shown on a plat dated September 11, 1964, drawn by Floyd E. Womble, R.L.S., entitled "Hill Crest Development" and recorded in Plat Book 2, Page 13, Chatham County Registry.

8. Wachovia holds a first Deed of Trust on such property with an payoff balance, as of the date this case was filed in the amount of approximately $108,887.49.

9. Said Deed of Trust, however, contains the following legal description:

   ALL OF THAT REAL PROPERTY SITUATED IN THE COUNTY OF CHATHAM, STATE OF NORTH CAROLINA:
   BEING THE SAME PROPERTY CONVEYED TO THE GRANTOR BY DEED RECORDED IN BOOK 748, PAGE 491 CHATHAM COUNTY REGISTRY, TO WHICH DEED REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THIS PROPERTY.
   PROPERTY ADDRESS: 51 MOORE ST.
   PARCEL ID: 0017242

10. That said legal description is actually for the real property owned by the Debtor located at 85 Moore Street, Siler City, North Carolina.

11. As such, the legal description in the Deed of Trust fails to take a valid lien in the property asserted.

12. Pursuant to 11 U.S.C. §§ 502 and 506 of the Bankruptcy Code the loan with Wachovia Bank, N.A., an invalid security interest the Plaintiff's said property, is an unsecured claim. In turn, pursuant to 11 U.S.C. § 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiff prays the Court find that said claim held by Wachovia Bank, N.A., which holds a Deed of Trust upon said property, contains an invalid legal description and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiff further prays that the Court order Wachovia Bank, N.A. to cancel the said Deed of Trust

forthwith upon the completion of the Plaintiff's Chapter 13 plan and the granting of the Plaintiff's discharge, and that the Court grant such other and further relief as to the Court seems just and proper.

Dated: November 3, 2010

                                          **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

                                          /s Edward C. Boltz
                                          Edward C. Boltz
                                          Attorney for the Plaintiff
                                          North Carolina State Bar No.: 23003
                                          1738-D Hillandale Rd.
                                          Durham NC 27705
                                          (919) 286-1695